UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| T.B., ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:25-cv-00063-GFVT |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| FRANK BISIGNANO, *Commissioner of* ) | **ORDER** |
| *Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

Plaintiff seeks judicial review of an administrative decision denying her claim for supplemental security income. T.B. brings this action pursuant to 42 U.S.C. § 405(g), alleging error on the part of the administrative law judge who considered the matter.[1] The Court, having reviewed the record and for the reasons set forth herein, will **DENY** T.B.'s Motion for Summary Judgement [R. 12.] and **GRANT** the Commissioner's [R. 14.]

I

Plaintiff T.B. applied for Disability Insurance Benefits on April 28, 2023, alleging disability beginning on July 15, 2021. The Social Security Administration denied her claim on initial review. On reconsideration, the Social Security Administration again denied T.B.'s claim. T.B. then had a hearing with Administrative Law Judge Patrick Digby on July 16, 2024, which again resulted in a denial of T.B.'s benefits. The Appeals Council denied T.B.'s request for review of that decision, which led her to file the instant Complaint with this Court, seeking

---

[1] The claimant's initials are used in lieu of their name to protect their sensitive medical information contained throughout the Memorandum Opinion and Order.

review under 42 U.S.C. § 405(g).  Both parties have now filed motions for summary judgment which are ripe for review.

II

To evaluate a claim of disability for Supplemental Security Income disability benefits, the ALJ conducts a five-step analysis. See 20 C.F.R. § 416.920.  If at any step the ALJ can find that the claimant is disabled or not disabled, the analysis stops. *Id*. § 404.1520(a)(4).  First, if a claimant is performing substantial gainful activity, she is not disabled. *Id*. § 404.1520(a)(4)(i).  Second, if a claimant does not have a severe impairment or combination of impairment or combination of impairments, she is not disabled. *Id*. § 404.1520(ii).  Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 303, Subpart P, Appendix 1, she is disabled. *Id*. §§ 404.1520(a)(4)(iii), (d).

Before moving on to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity, which assesses her ability to perform certain physical and mental work activities on a sustained basis despite any impairment. See *id*. C.F.R. §§ 404.1520(e), 404.1545.  Under the fourth step, an ALJ uses a claimant's RFC to determine whether she is still able to do her past work. *Id*. § 404.1520(a)(4)(iv).  If so, she is not disabled. *Id*.

Finally, if an ALJ assesses a claimant's RFC in conjunction with her age, education, and work experience and finds that the claimant cannot adjust to perform other jobs available in significant numbers in the national economy, the claimant is disabled.  See *Id*. §§ 404.1520(g), 404.1560(c).  Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by [her] impairments and the fact that [she] is

precluded from performing [her] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A

The ALJ completed the requisite five-step analysis to determine T.B.'s disability status. [R. 8-2 at 19-40.] He first determined that T.B. has not engaged in substantial gainful employment since July 15, 2021, which is the alleged onset point of the period in which she claimed to be disabled. *Id*. at 22.  Next, the ALJ found that T.B. suffered from the following severe impairments: asthma; obesity; bipolar I disorder / major depressive disorder; generalized anxiety disorder; and post-traumatic stress disorder. *Id*.  But at step three, the ALJ found that none of these impairments, nor any combination of them "[met] or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 …" *Id*. at 23.

Before proceeding to step four, the ALJ fashioned T.B.'s RFC. See 20 C.F.R. § 404.1520(e).  After considering the record, the ALJ determined that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that she occasionally can lift and/or carry, including upward pulling, twenty pounds and frequently can lift and/or carry, including upward pulling, ten pounds.  She can sit for six hours in an eight-hour workday with normal breaks; and she can stand and/or walk, with normal breaks, for six hours in an eight-hour workday.  The claimant's ability to push and/or pull, including operation of hand or foot controls, is unlimited up to the lift and carry restrictions of twenty and ten pounds.  She cannot work on ladders, ropes, or scaffolds; at unprotected heights; or around dangerous machinery; and she cannot drive commercially.  The claimant frequently can climb ramps and stairs, stoop, kneel, crouch, and balance, but cannot crawl.  She should perform no work on uneven terrain, and she should avoid working where vibrations are involved including use vibrating tools such as power tools or air compression tools.  The claimant should have no frequent exposure to extreme heat or humidity, so she cannot work outside or around an open flame.  She should have no frequent exposure to fumes, odors, dusts, gases, and poor ventilation.  The claimant is limited to unskilled work where she can understand, remember, and carry out simple, but not detailed, instructions and tasks.  She can

> concentrate and remain on task for two-hour periods across an eight-hour workday and five-day workweek on these simple tasks, without interruptions from psychologically based symptoms. The claimant is able to relate to and work with supervisors, co-workers, and the general public on an occasional basis; and there should be no frequent changes in the work environment.

To make this finding, the ALJ first determined that T.B.'s medically determinable impairments could reasonably be expected to cause some alleged symptoms. *Id*. at 27. The ALJ also found, however, that T.B.'s statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with "the medical evidence and other evidence in the record." *Id*.

Next, the ALJ proceeded to step four, concluding that T.B. is unable to perform any past relevant work. *Id*. at 38. In reaching this conclusion, he specifically addressed whether T.B. could perform work as a security guard, concluding that she would be unable to do so "as actually or generally performed." *Id*. at 39. Proceeding finally to step five, the ALJ heard from a vocational expert and determined that there are numerous jobs that T.B. can perform in the national economy, including assembler, small products I; inspector/hand packager; and stock checker. *Id*. at 39-40. Consequently, the ALJ found that T.B. had not been under a disability, as defined in the Social Security Act from July 15, 2021, through the date of his decision. *Id*. at 40.

B

The Court's review of the ALJ's determination is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is said to be "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The

substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To decide whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). A reviewing court is restricted from making factual findings *de novo*, resolving conflicts in the evidence, or making credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Rather, if the Commissioner's decision is supported by substantial, legitimate evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id*. at 714.

Viewing the Plaintiff's argument as a whole, T.B. essentially takes issue with the way in which the ALJ interpreted and weighed the opinions of two of her private healthcare providers – April K. Lowe, LCSW, a social worker and counselor and Rhonda Blevins, a psychiatric mental health nurse practitioner (PMHNP) – in reaching his conclusion. More specifically, T.B. argues that by finding LCSW Lowe's opinion generally unpersuasive and PMHNP Blevins' opinion as partially persuasive, the ALJ improperly weighed the evidence in concluding that T.B. was not disabled and denying her application for benefits. [R. 12 at 10.] For the most part, T.B. invites this Court to re-weigh the evidence examined by the ALJ – which far exceeds the scope of our "substantial evidence" review standard. Yet, we address each of T.B.'s challenges in turn.

The crux of T.B.'s challenge to the RFC determined by the ALJ is that the opinions proffered by PMHNP Blevins and LCSW Lowe are supported by evidence in the record and that

5

the ALJ offered "no medical evidence of record," to support his conclusion to the contrary. [R. 12 at 11.] Yet, this is exactly the role of the ALJ – examining conflicting evidence, weighing its probative value, and reaching a conclusion. *Sallaz v. Comm'r of Soc. Sec.*, 2024 WL 2955645, at *7 (6th Cir. June 12, 2024) ("weighing conflicting evidence [is] properly within the ALJ's role"); see also *Morgan v. Bisignano*, 2025 WL 3047876, at *4 (E.D. Ky. Oct. 31, 2025) ("[d]etermining functional limitations from the record is precisely an ALJ's function…") (citations omitted). Moreover, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

That is precisely the case here. The ALJ determined that the opinion of LCSW Lowe was largely unpersuasive, and the opinion of PMHNP Blevins was partially persuasive, primarily because they were "inconsistent with evidence that [Blevins] and LCSW Lowe consistently noted no more than moderate functional impairment." [R. 8-2 at 33.] Additionally, ALJ determined that the opinion of LCSW Lowe, specifically, contradicted with the opinions of the "State Agency non-examining physicians." *Id*. at 32. This determination followed a pages-long analysis by the ALJ comparing the findings from the check-the-box questionnaires completed by PMHNP Blevins and LCSW Lowe with their own medical treatment records beginning in 2023 and continuing well into 2024. *Id*. at 29-32. For this Court to declare that the ALJ must affix more weight to the LCSW Lowe and PMHNP Blevins questionnaires would exceed our scope of review. Rather, the ALJ's conclusion that the questionnaires completed by LCSW Lowe and PMHNP Blevins contradicted with their prior medical treatment records, and should be considered minimally and partially persuasive, respectively, is supported by substantial evidence.

The ALJ, likewise, did not err in discounting the persuasive value of PMHNP Blevins' and LCSW Lowe's opinions because they contradicted with the findings reached by the state agency psychological consultants. Again, it is the sole responsibility of the ALJ to weigh conflicting evidence in making a determination about a claimant's RFC. Courts in the Sixth Circuit have frequently upheld ALJ determinations that particular evidence is unpersuasive because it conflicts with the opinion of a state agency psychologist. *Morgan v. Comm'r of Soc. Sec.*, 2025 WL 419346, at *4 (E.D. Ky. Feb. 6, 2025); see also *Adams v. Comm'r of Soc. Sec.*, 2023 WL 6366106, at *3 (6th Cir. Sep. 28, 2023) (same). In short, finding a medical opinion unpersuasive because it conflicts with the opinion of a state agency psychologist is proper – and is here supported by substantial evidence. For the same reasons as before, it would be improper to disturb the weighing of evidence properly before the ALJ – to do so would exceed the scope of our review.

T.B. also takes issue with the ALJ's characterization of certain statements made by PMHNP Blevins and LCSW Lowe as "speculative" or "conclusory." [R. 12 at 13.] The ALJ was proper in concluding that certain statements made by PMHNP Blevins and LCSW Lowe were speculative or conclusory, however. More specifically, these "statements" were those derived from the check-box and fill-in-the-blank portions of the documents submitted by LCSW Lowe and PMHNP Blevins. [R. 8-2 at 29.] The ALJ is permitted, however, to ascribe little weight to check-box forms "where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence." *Ellars v. Comm'r of Soc. Sec.*, 647 Fed. App'x 563, 567 (6th Cir. 2016); see also *Rogers v. Comm'r of Soc. Sec.*, 2000 WL 799332 (6th Cir. June 9, 2000). This is even more true where, as here, the check-box form raises contradictions with the provider's own treatment records and with the opinions proffered

7

by the state agency psychological consultants. Further, the ALJ correctly parsed LCSW Lowe's opinion, and separately ascribed different weight to the narrative and check-box portions. His statement that LCSW Lowe's opinions were "conclusory, speculative, and not persuasive," was in reference only to the "second part of counsel's form, Section 1," which is a "check and fill in the blank form regarding the claimant's 'ability to perform work related activity.'" [R. 8-2 at 29.] Nevertheless, the ALJ still conducted a point-by-point, multi-page analysis of the check-box form, comparing each response with the evidence contained in the medical record. [R. 8-2 at 29-32.] Thus, the ALJ did not err in finding the check-box form generally unpersuasive.

Finally, the ALJ was permitted to consider the scope and nature of T.B.'s daily activities in determining that the opinions of PMHNP Blevins and LCSW Lowe were not wholly persuasive. However, "a claimant's ability to live independently is a valid consideration when evaluating opinion evidence." *Hopkins v. Comm'r of Soc. Sec.*, 2024 WL 3688302, at *4 (6th Cir. Apr. 9, 2024); see 20 C.F.R. § 416.920c(c)(2) ("[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be"). Therefore, it was not erroneous for the ALJ to give ample consideration to the petitioner's daily activities – such as riding in a car, socializing with others on the phone, going to medical appointments, preparing meals, etc. – in determining the claimant's RFC. Such information is helpful in determining whether the medical opinions in the record are consistent with the reality of the plaintiff's daily activities. Consideration of such daily activities is permitted by the applicable regulation and supported by legal precedent. And, once more, it would be improper for this Court to tinker with the weight the ALJ ascribed to this evidence; to do so would be to exceed the scope of our "substantial evidence" review.

8

III

T.B. objects to the RFC that the ALJ determined in rejecting her application for disability benefits. While the Court sympathizes with T.B.'s difficulties, its role is not to retry her case. Instead, the Court finds that substantial evidence supported the ALJ's decision. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that T.B.'s Motion for Summary Judgment [R. 12] is **DENIED**, and the Commissioner's Motion for Summary Judgment [R. 14] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This 17th day of December 2025.

Gregory F. Van Tatenhove
United States District Judge